IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL A. VANDERPOOL,

        Plaintiff,

v.                                  CASE NO. 17-3079-SAC

JOE NORWOOD,

        Defendant.

## MEMORANDUM AND ORDER

Plaintiff, a prisoner confined at the Hutchinson Correctional Facility in Hutchinson, Kansas, has filed this civil rights complaint pursuant to 42 U.S.C. § 1983. He proceeds pro se and in forma pauperis, and seeks declaratory and injunctive relief against Joe Norwood, who is the Kansas Secretary of Corrections. Plaintiff alleges First and Fourteenth Amendment claims. Specifically, he alleges that (1) a change to the visitation policy of the Kansas Department of Corrections (KDOC) has unconstitutionally prevented him from seeing his two minor children, in violation of the First and Fourteenth Amendments; and (2) because he is sex offender, he is required to reside in a fenced facility and therefore ineligible to work off-site upon his eligibility for minimum custody. After screening plaintiff's complaint under 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B), the court directed preparation of a *Martinez* report to develop the factual record. (Doc. 6).

The matter is before the court on defendant's motions to dismiss or in the alternative for summary judgment (Doc. 18) and to stay discovery (Doc. 22) and plaintiff's motion to compel (Doc. 21). The court has examined the motions and related memorandum in support, plaintiff's first amended complaint, the *Martinez* report and the relevant legal authorities.[1] The relevant facts are undisputed, corroborated, or

---

[1] When reviewing claims brought by a pro se prisoner, the court may direct preparation of a *Martinez* report to "develop a record sufficient to ascertain whether there any factual or legal bases for the prisoner's claims." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991). Because plaintiff has had an opportunity to respond, the court may consider the corroborated or undisputed

1

viewed in the light most favorable to plaintiff. For the reasons discussed below, the court grants defendant's motion to dismiss and overrules as moot plaintiff's motion to compel and defendant's motion to stay discovery.

### I. Plaintiff's Visitation Claim

The following relevant facts are undisputed, corroborated, or viewed in the light most favorable to plaintiff. In 2008, plaintiff entered defendant's custody after being convicted of multiple counts of sodomy and rape of a child under the age of 14. Plaintiff's earliest release date is July 26, 2031. The nature of his convictions requires that he be managed by defendant as a sex offender. As such, KDOC Internal Management Policy and Procedure (IMPP) 11-115 and 11-115A, which govern sex offender treatment, management, and supervision, have applied to plaintiff throughout his incarceration.

Under the version of IMPP 11-115 in place in 2008, plaintiff was prohibited from having contact visits with his own minor children unless he applied for and received an override from the sex offender override panel. In June of 2008, plaintiff submitted such an override request, which was disapproved by the panel.[2] Notwithstanding the override disapproval, facility staff apparently approved plaintiff to have contact visits with his minor children beginning in 2010.

Effective November 2, 2015, IMPP-115A replaced 11-115 and changed the sex offender visitation policy. IMPP-115A prohibited sex offenders who had minor victims from having contact visits with minors, and prohibited such offenders from requesting an override without first successfully completing SOTP. In May of 2016, KDOC notified plaintiff that because of this policy change, plaintiff's two remining minor

---

information contained in a *Martinez* report when evaluating a motion under Fed. R. Civ. P. 12(b)(6) without converting it to a motion for summary judgment. *Id.* at 1112-1113. This is especially useful in cases such as plaintiff's, which challenge not the "existence or content of the applicable KDOC policies and procedures set forth in the *Martinez* report" but rather contend that those policies and procedures "violate his statutory and constitutional rights." *Stewart v. Norwood*, 2017 WL 4284971, *2 n.25 (D. Kan. Sept. 27, 2017).

[2]   The override request does not specify the reason for the denial, though it includes a recommendation from the Warden to the panel that the request be denied because plaintiff had not received sex offender treatment programming (SOTP).

sons were disapproved from visiting him until plaintiff completed the SOTP and received an override (or until each reached the age of 18). Plaintiff grieved the policy change because defendant does not provide SOTP training until the sex offender nears the end of his sentence, which effectively rendered it impossible for plaintiff to comply with the requirement while his children were minors.

Meanwhile, on September 15, 2016, KDOC revised IMPP 11-115A to remove the explicit SOTP requirement and to permit contact visits with minors after "further review" is requested through the override process. An override request under this new policy should identify the minor family member, his or her caretaker, clarify that the minor family member is not the victim, and should state whether the offender has completed SOTP. To apply for an override request, the offender's unit team counselor or parole officer must complete an override request form to submit for review at the facility, and if approved by the warden or parole director or designee, is forwarded to the Director of Sex Offender Management to determine whether the request is appropriate under the policy. If so, the Director gathers any additional necessary information for the sex offender override panel to consider at its next monthly meeting. The panel then reviews the request and either approves with conditions or disapproves it, and notifies the offender in writing. The policy prohibits offenders from making an additional override request "for the same issue" unless a change in circumstance has occurred, in which case the new override request may be considered.

Plaintiff was advised by his unit team manager that he could apply for an override under the new policy, but he determined after discussing the process with her that he could not **effectively** apply for an override because he believed he lacked important information necessary for the panel to make a favorable decision, and because he had previously applied for an override in 2008 and had been denied. Accordingly, he elected not to file a formal override request, believing that it would be futile to do so. He does not contend his unit team manager prevented him from filing an override request.

While the court is sympathetic to plaintiff's frustration with the process, it cannot ignore the fact that plaintiff plainly elected not to pursue the override based upon his determination that the process would be futile. Futility (whether perceived or real), however, does not relieve him of this requirement. *Booth v. Churner*, 532 U.S. 731, 740 n.6 (2001). Under 42 U.S.C. § 1997e(a), "a prisoner must exhaust his

administrative remedies prior to filing a lawsuit regarding prison conditions in federal court." *Id.* at 741. This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), cert. denied, 540 U.S. 1118 (2004); *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010). Accordingly, the court finds that because plaintiff did not pursue to conclusion the override process described in the September 15, 2016 IMPP 11-115A, he did not exhaust his administrative remedies, and this claim is therefore subject to dismissal.

## II. Work Release Classification Claim

Plaintiff's claim on this issue is a bit less clear. He appears to be arguing that, at some point in the future when he obtains a minimum security clearance, he will be ineligible to work because KDOC policy requires that sex offenders be housed in a facility with a fence. In so doing, he contends that sex offenders are being treated differently from other categories of prisoners, in violation of the Fourteenth Amendment. It is undisputed that plaintiff does not currently have minimum security clearance and is therefore ineligible to work. It is also undisputed that plaintiff could be transferred by KDOC to another facility at any time.

Notwithstanding plaintiff's argument that he will soon be eligible for a classification review, the fact remains that he is not yet qualified for minimum custody, and as such, he raises a hypothetical claim that is not justiciable by this court. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Farrell-Cooper Mining Co. v. U.S. Dep't of Int.*, 728 F.3d 1229, 1238 (10th Cir. 2013) (quoting *Texas v. United States*, 528 U.S. 296, 300 (1998)). The court finds that plaintiff has not shown that this injury which has not yet occurred is sufficiently likely to happen to justify judicial intervention. *See Pearson v. Holder,* 624 F.3d 682, 684 (10th Cir. 2010). Accordingly, the court lacks subject matter jurisdiction over this claim and dismisses it.

## III. Remaining Motions

Because plaintiff's claims are subject to dismissal, the pending motions to stay discovery (Doc. 22) and to compel (Doc. 21) are overruled as moot.

5

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss or in the alternative for summary judgment (Doc. 18) be and hereby is granted.

**IT IS FURTHER ORDERED** that the motions to stay discovery (Doc. 22) and to compel (Doc. 21) are overruled as moot.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied without prejudice.

**IT IS SO ORDERED**.

Dated this 6th day of March, 2018, at Topeka, Kansas.

<u>**s/Sam A. Crow**</u>
**U. S. Senior District Judge**